ORIGINAL

District court    CV17-6307 (ENV)(JO)

Bankruptcy court—1-16-45645

Your Honor-
                This additional
document is being presented
because I decided to seek some
guidance from an attorney is case
I did not make myself clear.
        Thank you for the opportunity
to try and save what I put
together for 30 YRS.

                            Your respectful

                            Boysin Lorick
                            BOYSIN LORICK

RECEIVED
NOV 01 2017
PRO SE OFFICE

Rec'vd
11/2/17

                            Cynthia Lorrik
                            CYNTHIA LORIK

*Bankruptcy court # 1-16-45645*

*District court*
*CV17-6307*

# DAHIYA LAW OFFICES LLC

*Attorneys*

75 Maiden Lane Suite 506
New York, New York 10013
Tel: 212-766 8000    Fax: 212 766 8001
karam@legalpundit.com

October 30, 2017

*Clients:* BOYSIN RALPH LORICK, CYNTHIA THERESA LORICK

*Matter*, Re:   CHAPTER 11 AND REAL PROPERTY

Dear Mr. Lorick,

You have asked for my legal opinion on the following issues:

a.   The tax consequences of sale of real property in bankruptcy;
b.   Your entitlement to an attorney of your choice in such a proceeding.

**On the Issue of Real Property Sale**

You own real property, 3126 Coney Island Avenue, Brooklyn New York 11235.  Your property was auctioned in the pending Chapter 11 bankruptcy proceeding, Case No.: 1-16-45645-nhl on August 22, 2017.  The highest bid was $7.4million, however, for reasons unclear, the second bidder was granted the bid at 7.350 million.

Based on the basis of the property and its treatment in the past in tax returns, etc., the consequences of this sale are fatal. It is a train wreck.  I have looked at your returns for the year 2014 and 15.

Your property is a capital asset. Internal Revenue Code, Section 1221 provides that a capital asset is "property held by the taxpayer (whether or not connected with his trade or business). Because of the low acquisition cost of the property and its high value sale along with the depreciation deductions taken, it would be a formidable task to meet the tax obligation.  The basis/tax basis/cost basis for real estate is its acquisition cost, I.R.C. § 1012. Your taxes of 2015 shows a total basis of $1,089,560. This basis further gets  adjusted by capital improvements increasing the basis and depreciation deduction decreasing the basis, thus the adjusted basis of

1   *RL*

property is generally its cost, adjusted as provided in section 1016. Secs. 1011 and 1012. You have made improvements to the property which increased the basis. IRC 1016(a)(1). Depreciation however, with attendant amortization, or depletion decreases your cost basis in property. 1.R.C. § 1016(a)(2). I do not have your 2016 tax returns, which would further add the depreciation deduction. Suppose the property is sold in 2015 during this time of the year, your cumulative depreciation deductions would be around $715,655. This depreciation deduction is determined by reference to the adjusted basis of the property, the applicable depreciation method, the applicable recovery period, and the applicable convention. Secs. 167(c)(1), 168; *Hosp. Corp. of Am. v. Commissioner*, 109 T.C. 21, 45, 1997 WL 412127 (1997). I not giving any opinion as to what the proprietary and or the manner of the deduction in the past, as we did not have the benefit of the numbers. However, we are basing our calculation that the deductions have been in  complete compliance.

Pursuant to IRC §1001(a), gain is computed from the sale or disposition of property by determining the amount realized minus the adjusted basis and  the current capital gains tax is either 15 or 20%. Your real estate is a capital asset. Further, bear in mind that since your building is sold for more than its depreciated value (the adjusted basis less all depreciation claimed during ownership ), you will have now additionally to pay depreciation recapture tax at a 25% maximum rate, on the difference between the building's depreciated value and its adjusted basis." (See IRC §§ 1(h)(1)(E); 1250).

Your adjusted basis is $373,905. The "adjusted basis" of a property is its original cost basis after certain tax-allowed adjustments. (See IRC § 1016).

*Total Basis in the aforesaid property and based on tax returns:* $1,089,560

*Cumulative Depreciation of mid-year sale of 2015:*          $715,655

*Adjusted Basis:*          $373,905

*Total Capital Gain*

      *Sale Price minus Adjusted Basis:*

                         $7,350,000-$373,905

                         *Equals:* $6,976,095

2 

The following taxes will have to be paid:

1. Capital Gain Tax at 20%
2. Depreciation Deduction at 25%
3. Net Investment Tax imposed by section 1411 at 3.8%
4. New York State, Local and or City: 12.7%
5. See the issue of Transfer tax at 2.625% of the sale price

1. Capital Gain
   20% of

   7,350,000
   1,089,560
   _____
   6,260,440   20% of this equals: **1,252,088**

2. Depreciation Deduction

   25% of 715,655 (total depreciation taken until mid 2015) equals **178,913.75**

3. Net Investment Income Tax (this income includes capital gains)

   3.8$ of 7,350,000 minus 373,905
   Equals: 6, 976,095 x 3.8% equals **265,091.61**

4. New York State and local taxes:

   12.7% of total capital gain

   6,976,095 x 12.7% equals **885,964.06**

Total:   1,252,088.00
         178,913.75
         265,091.61
         885,964.06
_____
         $2,582,057.42

You are looking at approximately a tax liability of $2,582,057.42 upon this sale at $7,350,000.

Now also, there is an additional tax of 2.625% of the sale price as this is a transfer of real property above $25,000, i.e. $192,937.50. So the total shall be 2,774,994.92. Your property is sold

3

in bankruptcy, but not pursuant to a chapter 11 plan, hence this transfer tax has to be paid. Bankruptcy Code § 1146(c) provides that "the issuance, transfer, or exchange of a security or the making or delivery of an instrument of transfer under a plan confirmed under may not be taxed under any law imposing a stamp or a similar tax." So here your property is being sold pursuant to 11 U.S.C. § 363. Also, somehow if this sale could be dovetailed with a chapter 11 plan, it could still be exempted, but the transfer should be "necessary to the consummation of the plan." *City of New York v. Jacoby-Bender*, 758 F.2d 840 (2nd Cir. 1985.  But See *Florida Dept. of Revenue v. Piccadilly Cafeterias, Inc.*, 554 U.S. 33, 128 S. Ct. 2326, 171 L.Ed.2d 203 (2008) (Section 1146 of the Bankruptcy Code does not apply to asset sales outside of a confirmed plan).

So now, if you add into calculation the money to be paid to the secured creditor, who are claiming at least 5.1 million. So the calculation would look like this:

Sale price 7,350,000 minus 5,100,000 equals 2,250,000. But with the tax liability of minimum 2,582,057.42 you will never be able to close. Also the transfer tax issue, so 2,774,994.92 where will the rest of the money come from?  I do not any feasibility.  There has to be a "sound business purpose" or a "sound business justification" for this sale here. See *Committee of Equity Security Holders v. Lionel Corp.,* 722 F.2d 1063 (2nd Cir. 1983).

So this Chapter 11 process is futile. Why?  If one looks at the structure of the bankruptcy code. Upon the creation of the bankruptcy estate, the trustee or debtor in possession [and that is you here] becomes liable to pay any federal and state income tax due on the bankruptcy estate's taxable income (see, e.g., *Holywell Corporation v. Smith*, 503 U.S. 47, 52 (1992) (citing Sec. 6151(a) of the Internal Revenue Code, which provides, in relevant part, "[W]hen a return of tax is required . . . the person required to make such return shall . . . pay such tax.").  You will have to pay the obligations.  Section 6672(a) imposes penalty for nonpayment of taxes.  It is the estate that is selling the property, so the estate will have a administrate priority capital gain tax of approximately 2.7 million. So it is the estate that incurred this expense. See 11 U.S.C. § 507(a)(2). Thus, since it is your estate that has sold, auctioned this property, the income tax liability is a priority claim in the estate as an administrative expense. The allowed secured claims would be paid in full followed by the taxes. 11 U.S.C. section 507(a)(2) addresses "administrative expense" and refers to 11 U.S.C. section 503(b). 11 U.S.C. section 503(b)(1)(B)(i) contains the "incurred by the estate" language in question.  So there would be

4

no monies left to pay full income taxes incurred by the estate and there would be nothing for any other administrative fees claims. A payment to any of the bankruptcy participants could violate the *Takings Clause*.

I have looked at your docket, there is no planning or a thoughtful process to achieve that end. The alleged creditor has hijacked the process of bankruptcy. It seems it is about paying the sole creditor, without balancing competing interests.

You asked if the plan can be confirmed. I do not see that possibility. This bankruptcy has morphed to an involuntary kind of bankruptcy, where there is a thoughtless liquidation of the estate. You are allowed to refinance your property in bankruptcy for that, the judge and your attorney must be willing to go with you. Administative fees has to be paid for confirmation of the plan. There is no monies here for payments to anyone other than the secured creditor.

Now you have asked me about the retention of lawyer in chapter 11 bankruptcy. The attorney of your choice shall apply wherever you are allowed an attorney. *United States v. Gonzalez-Lopez*, 548 U.S. 140, 140–41, 126 S. Ct. 2557, 2559, 165 L. Ed. 2d 409 (2006) ("Erroneous deprivation of the **right** to **counsel** of **choice**, "with consequences that are necessarily unquantifiable and indeterminate, unquestionably qualifies as 'structural error."). Of course, six amendment does not apply to the civil bankruptcy cases, however the logic of *Gonzalez-lopez* sticks to the right to counsel of choice.

BL

5

Bankruptcy Code §327(a) says that "the trustee, with the court's approval, may employ one or more attorneys...to represent or assist the trustee in carrying out the trustee's duties under this title." Two conditions have to be satisfied. One, the attorney must not "hold or represent an interest adverse to the estate." And two, she must be a "disinterested person." If that is so, then it should not be a problem. Once you have a lawyer and approved, you have a right to discharge them, if you find that they are not protecting your interest. Judge do not engage lawyers for your case in an voluntary chapter 11. But while the bankruptcy court may not provide counsels to you, it cannot deny you the right to secure for you're the representation of a counsel. *Goldberg v. Kelly*, 397 U.S. 254 (1970). The stakes are high here—lose of property and draconian tax issues. This potential deprivation of a counsel of your choice must be evaluated  against the potential deprivation of substantive interest. No doubt, it must comport with constitutional minima. Right to effective counseling is a right to an access to the court. Denial of a right to a counsel could lead to a denial of access to the court. Bankruptcy court while regulating the entry or presence of counsel cannot compromise constitutional process. Even bankruptcy clause, code or laws are amenable to the constitutional due process. *Louisville Joint Stock Land Bank v. Radford*, 295 U.S. 555 (1935) (The bankruptcy power, like the other great substantive powers of Congress, is subject to the Fifth Amendment.").

/s/karamvir Dahiya

BOYSIN LORICK

Bankruptcy court LHG 4:17-cv-06307

CV17-6307

I will be stuck with a huge capital gains if I don't have a stay decision in my case. The loan was availble but we needed two weeks to close. Judge Lord new the time we started time was run out on us and said we may have to go to September 11th-2017. Judge Craig denied it. September 11th. would have been perfect.

Very early in the backkruptcy I approached my Attorney and said can I go and get the money to pay. I was told that there is a process that have to take place. That day never came. My problem the Honorable Judge let my attorney get away with this.

Please save my family and myself from additional burden.

This mortgage had a five year extension that was recognized before 60 days of the term. The new servicer came past the due date and said I don't care whats in the loan document.

Thanking You—
Sincerely— Boysin love