UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------ x
BOYSIN RALPH LORICK, and

CYNTHIA THERESA LORICK,

              Plaintiffs,

              -against-

HON. NANCY HERSHEY LORD, and

NORMA ORTIZ

              Defendants.
------------------------------------------------ x

MEMORANDUM & ORDER

17-CV-06307 (ENV) (JO)

VITALIANO, D.J.

    On October 27, 2017, *pro se* plaintiffs Boysin Ralph Lorick and Cynthia Theresa Lorick filed a complaint alleging, among other things, that their First Amendment rights and the "right to attorney to represent us when I have a substitute attorney" were violated in proceedings before the United States Bankruptcy Court for the Eastern District of New York, *In re Lorick*, No. 1-16-45645-nhl (Bankr. E.D.N.Y). Compl., ECF Dkt. No. 1 at 4. In essence, plaintiffs complain that the defendant Norma Ortiz, the attorney who had advised them to, and did, file a Chapter 11 bankruptcy proceeding in order to save their property, later orchestrated an auction sale of the property for her own interest. Compl., ECF Dkt. No. 1 at 7-9. On October 30, 2017, plaintiffs filed an "emergency request" for a stay of the bankruptcy court proceedings. Emergency Motion, ECF Dkt. No. 4. Reading the *pro se* motion liberally, *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006), plaintiffs appear to request a temporary restraining order staying the



bankruptcy court's September 8, 2017 order approving the sale of plaintiffs' property, notwithstanding their failure to file an appeal from that order. *See* Order Approving the Sale of Real Property "as is" and "where is", Free and Clear of all Liens, Claims, Encumbrances and Interests and Granting Related Relief, *In re Lorick*, No. 1-16-45645-nhl (Bankr. E.D.N.Y. Sept. 8, 2017), ECF No. 95 ("Order Approving the Sale").

Discussion

A temporary restraining order under Rule 65 of the Federal Rules of Civil Procedure is intended to prevent irreparable harm until more permanent relief may be obtained. *HarperCollins Publishers L.L.C. v. Gawker Media LLC*, 721 F. Supp. 2d 303, 305 (S.D.N.Y. 2010). To prevail, a party must show "(1) either a likelihood of success on the merits or 'sufficiently serious questions going to the merits to make them a fair ground for litigation, with a balance of hardships tipping decidedly in the [applicant's] favor;' and (2) the likelihood of irreparable harm in the absence of such an order." *Id*. at 305-06 (citing *In re Feit & Drexler, Inc.*, 760 F.2d 406, 415 (2d Cir.1985)). The Loricks are unable to satisfy the first factor because they have not appealed the bankruptcy court's September 8th order, nor has there been the showing that the bankruptcy court has not or will not permit the actual selection of counsel.

The Federal Rules of Bankruptcy Procedure carefully detail how a party may appeal a bankruptcy court's order to a federal district court. Rule 8003 provides "[a]n appeal from a judgment, order, or decree of a bankruptcy court to a district court . . . may be taken only by

filing a notice of appeal with the bankruptcy clerk within the time allowed by Rule 8002," namely, 14 days after entry of the order. Fed. R. Bankr. Pro. 8002, 8003. With respect to staying an order, Rule 8007 provides that a party must first move in bankruptcy court for "a stay of a judgment, order, or decree . . . pending appeal." Fed. R. Bankr. Pro. 8007. Plaintiffs flatly failed to do so. Moreover, plaintiffs also ignored the bankruptcy court's express direction to appeal the order if there were any objections: "Any party objecting to this Order must exercise due diligence in filing an appeal and obtaining a stay prior to the Closing or risk its appeal being foreclosed as moot." Order Approving the Sale at 16. Instead, having slept on their rights, on November 1, 2017, plaintiffs' proposed new counsel, Karamvir Dahiya, filed a letter with the bankruptcy court seeking to have the bankruptcy case dismissed or, in the alternative, "suspended." Letter Requesting the Judge to Dismiss the Case or Suspend the Proceedings, *In re Lorick*, No. 1-16-45645-nhl (Bankr. E.D.N.Y. Sept. 8, 2017), ECF No. 151.

The failure of plaintiffs to comply with these rules governing procedure appeals to the district court is fatal. At any rate, furthermore, there is no indication that plaintiffs' request to have Dahiya acknowledged as their attorney was denied by the bankruptcy court. Although the Loricks claim that Dahiya was prevented from speaking at an October 26, 2017 hearing, there is no indication that the bankruptcy court was aware of a request to substitute counsel at that time or intends to deny it. Indeed, the bankruptcy court docket reflects the "incorrect docket entry" with respect to a notice of substitution of counsel and a notation that the substitution notice was

"modified on 10/27/17." *See* Notice of Substitution of Counsel on Behalf of the Debtors Boysin Ralph Lorick and Cynthia Theresa Lorick, *In re Lorick*, No. 1-16-45645-nhl (Bankr. E.D.N.Y) ECF No. 137. In fact, it was not until November 1, 2017 that plaintiffs submitted a proposed order authorizing Dahiya to be substituted as their counsel. Notice of Presentment of Order with Respect to Application of Dahiya Law Office, *In re Lorick*, No. 1-16-45645-nhl (Bankr. E.D.N.Y) ECF No. 137.

The result would, finally, be no different if plaintiffs' motion were construed under the broad All Writs Act, which permits, among other things, a district court to issue a writ of mandamus in aid of the district court's jurisdiction. 28 U.S.C. § 1651(a). To prevail, a party must demonstrate that (1) there is no other adequate means to obtain relief, (2) the writ is appropriate in the circumstances and (3) the right to the writ is "'clear and indisputable.'" *S.E.C. v. Rajaratnam*, 622 F.3d 159, 169 (2d Cir. 2010) (citation omitted). In line with these precedents, and critically here, the writ "may not appropriately be used merely as a substitute for the appeal procedure prescribed by the statute." *Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 26, 63 S. Ct. 938, 941, 87 L. Ed. 1185 (1943). Although there are situations in which a court may issue a writ concerning an order when no appeal has been filed, the extraordinary remedy may only issue "to confine an inferior court to a lawful exercise of its prescribed authority or to ensure compliance with a superior court's mandate." *Salim v. Nisselson*, No. 15-cv-04629 (PGG), (S.D.N.Y. July 8, 2015) (granting a writ of mandamus ordering a bankruptcy court to

vacate an order that had not been appealed where the bankruptcy court had expressly disregarded the district court's prior order). None of the circumstances justifying mandamus are present in this record.

## Conclusion

For all the foregoing reasons, plaintiffs' emergency motion for a stay of the proceedings in *In re Lorick*, No. 1-16-45645-nhl (Bankr. E.D.N.Y.), whether in the form of a temporary restraining order or writ of mandamus, is denied. Though it is highly dubious that jurisdiction exists to entertain the balance of the complaint, this matter is respectfully referred to Magistrate Judge James Orenstein for pretrial management in the ordinary course.

So Ordered.

Dated: Brooklyn, New York
       November 2, 2017

/S/ USDJ ERIIC N. VITALIANO
ERIC N. VITALIANO
United States District Judge

5